*Thompson & Kellar*, for appellant.

*Hardin*, for appellee.

---

H. C. GASNEY *v.* W. A. DOWNTON.

Forcible Entry and Detainer—Traverse—Adverse Possession—Deed of Partition Competent Evidence to Establish Boundary and Possession.

On a traverse of the finding of a jury in the country, a commissioner's deed of partition, by which the premises in contest were assigned to traverse, may be admitted as evidence to establish boundary and elucidate possession.

Same—Instruction Explained.

The instruction of the court that the jury must find for Dowton, "unless they shall believe from the evidence in the whole case that McLaughlin took the possession originally as the tenant of J. H. Yelton," was simply tantamount to saying that though this was proven by one witness, yet upon the whole evidence in the case, "you believe this is not the fact, you will find for Dowton."

APPEAL FROM CAMPBELL CIRCUIT COURT.

February 18, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

On this traverse of the finding of the jury in the *country* on a warrant of forcible entry by appellee against appellant, the commissioner's deed on partition of lands descended to the heirs of Swope, by which the premises in contest were assigned to Mrs. Downton, was properly admitted as evidence to establish boundaries and elucidate appellee's possession.

As McLaughlin for some year or more before his death, and his widow and children for several years after his death, had remained in possession of the land as appellee's tenants, and she had left the premises on the false representations and fraudulent procurement of appellant who paid her to do so, and he very soon afterward entered under Yelton, and as he attempted to prove as a defense that McLaughlin originally entered as tenant to Yelton and had afterwards illegally attorned to appellant, the instruction of the court that they must find for Downton "unless they shall believe from he evidence in he whole case that McLaughlin, the husband of Mrs. McLaughlin, took the possesion originally as the tenant of J. H. Yelton," was proper and could scarcely have mislead the jury. It was simply tantamount to saying that though Gasney has proved this by one witness, yet if upon the whole evidence in the cause, "you believe this was not the fact, whether from the misrecollection or otherwise of the witness, you will find for Downton."

Wherefore the judgment is *affirmed.*

*Carlisle, Hallam & Hodge, for appellant.*

*Landram, Baker, for appellee.*